**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
JOHN BEEMER (SBN 302654)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
       jbeemer@ohaganmeyer.com

*Attorney for Defendant*
*Walmart Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SANCHEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WALMART, INC.; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.: 22-513 <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.** <br><br> Complaint Filed: March 18, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Merced, where it is currently pending as Case No. 22CV-00825, to the United States District Court for the Eastern District of California.

1
**NOTICE OF REMOVAL**

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Armando Sanchez, Jr. is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On March 18, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Merced, entitled "Armando Sanchez, Jr. v. Walmart, Inc.; and DOES 1 to 50, inclusive", as Case Number 22CV-00825. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of a slip and fall incident that allegedly occurred on the premises of one of Defendant's retail store locations in Los Banos, California, on or about April 14, 2020. Plaintiff claims that as a result of his slip and fall, he sustained general and special damages. In a June 8, 2022, settlement demand, which attached a conformed copy of the instant Complaint, Plaintiff asserts that he has incurred and will incur special damages of $6,039.00, future special damages of $30,000, and general damages of $750,000, *for a total of $786,039.99*. A copy of Plaintiff's demand is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I. The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in his complaint. Before serving Defendant with the Complaint, Plaintiff issued a demand letter to Defendant, dated June 8, 2022, which attached a conformed copy of the Complaint as an exhibit thereto. (**Exhibit 2**) Therein, Plaintiff asserts total damages of $786,039.99.

A settlement letter is relevant evidence of the amount in controversy for establishing the jurisdictional threshold for removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendant stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.")).

*See, also, Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at

the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In his Complaint, Plaintiff asserts that, "At the time of the subject accident, Plaintiff was walking through Defendants [sic] premises when he violently slipped and fell on clear coconut water that had collected on Defendants [sic] floor creating a dangerous and slippery condition resulting in Plaintiff's injuries and related damages." (Complaint, **Exhibit 1**, at ¶¶ 8, 18.) He asserts that as a consequence, "Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering…" (*Id.* at ¶¶ 11, 20.) Plaintiff also claims that he has incurred and will incur medical and related expenses as a further direct and proximate result of Defendant's alleged negligence. (*Id.* at ¶¶ 12, 21.) In his prayer for relief, Plaintiff seeks general damages, special damages, personal property damages, pre-judgment and post-judgment interest, costs of suit and other and further relief. (*Id.* at Prayer for Relief.)

Plaintiff's demand should be received as compelling evidence of the amount in controversy in this instance, particularly in light of the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff was not required to submit a demand specifying his damages prior to serving the Complaint, he elected to do so, contemporaneously with providing Defendant with a conformed copy of the Complaint. While Plaintiff may not ultimately be able to recover as much as $786,039.99 for his alleged injuries as is reflected in his demand, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where he has alleged over $786,000 in general and special damages.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

Plaintiff alleges at paragraph 1 of the Complaint that he is a resident of Los Banos, California. Plaintiff is therefore a citizen of California. Plaintiff alleges at paragraph 2 of the Complaint that Defendant was at all times a Delaware corporation. Defendant admits that it was incorporated in the State of Delaware and further states that its principal place of business is in Arkansas. For purposes of diversity, therefore, Defendant is a citizen of Arkansas and Delaware.

The Complaint also names "DOES 1-50" as Defendants. (Complaint, **Exhibit 1**, at ¶ 3.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

## III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed his Complaint with the state court on March 18, 2022. Defendant received a conformed copy of the Complaint with Plaintiff's demand letter dated June 8, 2022.

This action is properly removed to the United States District Court for the Eastern District of California, which is "the district and division embracing the place

where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(b) (listing the counties within the Eastern District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (22CV-00825) to be included with this Notice of Removal. True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Demand Letter
- **Exhibit 3** – Civil Case Cover Sheet

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Merced.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: July 7, 2022            Respectfully submitted,

O'HAGAN MEYER

By:  /s/ Theodore C. Peters
     THEODORE C. PETERS
     JOHN BEEMER
     *Attorneys for Defendant
     Walmart Inc.*