EXHIBIT 4

1  **O'HAGAN MEYER**
   THEODORE C. PETERS (SBN 235115)
2  JOHN BEEMER (SBN 302654)
   2615 Pacific Coast Highway, Suite 300
3  Hermosa Beach, CA 90254
   Tel: 310.807.1100 | Fax: 310.807.1115
4  Email: tpeters@ohaganmeyer.com
   Email: jbeemer@ohaganmeyer.com
5

6  *Attorney for Defendant*
   *Walmart Inc.*
7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF MERCED**

10

11 ARMANDO SANCHEZ, JR.,                    | Case No.: 22CV-00825

12                      Plaintiff,          | **DEFENDANT WALMART INC.'S
                                            | NOTICE OF FILING OF NOTICE OF
13          vs.                             | REMOVAL**

14 WALMART, INC.; and DOES 1 to 50,
   inclusive,                               | Hon. Brian McCabe, Courtroom 8
15
                                            | Complaint Filed: March 18, 2022
16                      Defendants.         | Trial Date:  None Assigned

17

18

19

20

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

                                     1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on July _____, 2022, Defendant Walmart Inc. removed this action to the United States District Court for the Eastern District of California, by filing a Notice of Removal in that Court.  A copy of the Notice of Removal is attached here to as **EXIBIT 1**.  Accordingly, and pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

DATED: July _____, 2022    Respectfully submitted,

            O'HAGAN MEYER


            By: _____
             THEODORE C. PETERS
             JOHN BEEMER
             *Attorneys for Defendant*
             *Walmart Inc.*

**NOTICE OF FILING OF NOTICE OF REMOVAL**

EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Walmart, Inc.; and DOES 1 to 50, Inclusive,

ELECTRONICALLY FILED
Merced Superior Court
3/18/2022 10:30 AM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Armando Sanchez, Jr., an Individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* 22CV-00825

Superior Court of California, County of Merced
627 W. 21st Street, Merced, CA 95340 - Merced Superior Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yosi Yahoudai, Esq., SBN: 250679; 1880 Century Park East #717, Los Angeles, CA 90067; (310)407-0766.

| DATE: *(Fecha)* | 3/18/2022 10:30 AM | Amanda Toste Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

This e-copy is the official court record (GC68150)

6/9/2022

ELECTRONICALLY FILED
Merced Superior Court
3/18/2022 10:30 AM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

This e-copy is the official court record (GC68150)

Jason B. Javaheri, Esq., SBN 256173
Yosi Yahoudai, Esq. SBN 250679
R. Bret Beattie, Esq., SBN 150068
Vartkes Artinian, Esq., SBN 304009
**JAVAHERI & YAHOUDAI**
A Professional Law Corporation
1880 Century Park East, Suite 717
Los Angeles, CA 90067
Telephone: (310) 407-0766
Facsimile: (310) 407-0767

Attorneys for Plaintiff, ARMANDO SANCHEZ, JR.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MERCED – MERCED SUPERIOR COURT

| | |
|---|---|
| ARMANDO SANCHEZ, JR., an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC.; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.:    22CV-00825<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>**1. PREMISES LIABILITY**<br><br>**2. GENERAL NEGLIGENCE**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff, ARMANDO SANCHEZ, JR., alleges and complains as follows:

### GENERAL ALLEGATIONS

### PARTIES

1.    ARMANDO SANCHEZ, JR., hereinafter "Plaintiff", an individual, is and/or was, at all times relevant herein, residing in Los Banos, CA 93635.

2.    Plaintiff is informed and believes, and upon such information and belief alleges that Defendant, WALMART, INC., hereinafter "WALMART" at all times relevant herein is an active *Delaware* foreign stock Corporation bearing entity number C1634374, qualified to do business and doing business in the County of Merced, State of California, located at 1575 W. Pacheco Blvd., Los Banos, CA 93635.

6/9/2022

This e-copy is the official court record (GC68150)

3.   The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 to 50, Inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to state the true names and capacities when the same have been ascertained.

4.   Plaintiff is informed and believes, and upon such information and belief alleges that each of the Defendants designated herein as a DOE are legally responsible in some manner for the events and happenings referred to and legally caused injury and damages to Plaintiff as hereinafter set forth.

5.   Plaintiff is informed and believes, and upon such information and belief alleges that at all times material hereto Defendants, and each of them, were the agents and/or employees of their Co-Defendants, and in doing the things herein mentioned were acting in the course and scope of their authority as such agents and/or employees, and with the permission and consent of their Co-Defendants, and each of them.

## **FIRST CAUSE OF ACTION**

### **(For Premises Liability Against All Defendants)**

6.   Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

7.   At all times material hereto, Defendants, and DOES 1 through 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the premises at "WALMART", located at 1575 W. Pacheco Blvd., Los Banos, CA 93635, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

8.   On April 14, 2020, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 1575 W. Pacheco Blvd., Los Banos, CA 93635. At the time of the subject accident, Plaintiff was walking through Defendants premises when he violently slipped and fell on clear coconut water that had collected on Defendants floor creating a dangerous and slippery condition resulting in Plaintiff's injuries and related damages.

///

6/9/2022

This e-copy is the official court record (GC68150)

9.  At said premises, Defendants, and each of them, and DOES 1 through 50, inclusive, so negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed, inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

10. Said condition existed prior to and at the time of Plaintiff's accident herein.  Based on information and belief, Defendants knew or should have known that the dangerous condition existed and failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative, guard against said dangerous condition.

11. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

12. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

13. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Negligence Against All Defendants)

14. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

15. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them,

6/9/2022

This e-copy is the official court record (GC68150)

owned, operated, controlled, supervised and maintained "WALMART" located at 1575 W. Pacheco Blvd., Los Banos, CA 93635, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

16. Plaintiff is informed and believes, and hereon alleges, that he was further injured due to the negligent acts or omissions by the agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants, and each of them, owed Plaintiff and other invited guests a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. On April 14, 2020, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 1575 W. Pacheco Blvd., Los Banos, CA 93635. At the time of the subject accident, Plaintiff was walking through Defendants premises when he violently slipped and fell on clear coconut water that had collected on Defendants floor creating a dangerous and slippery condition resulting in Plaintiff's injuries and related damages.

19. Defendants and each of them breached their duty of care to Plaintiff to maintain their premises free of any hazardous and dangerous conditions that exposed Plaintiff and other invited guests to injury. Defendants knew or should have known that allowing coconut water to remain on their floors in an area of high pedestrian traffic, created a dangerous and slippery condition which exposed Plaintiff and other invited guests to serious injury and related damages.

20. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

///

6/9/2022

21. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

22. At the time of said injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, ARMANDO SANCHEZ, JR., demands a jury trial and prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated: March 1, 2022                                    JAVAHERI & YAHOUDAI

By: _____
                                    YOSI YAHOUDAI ESQ.
                                    Attorneys for Plaintiff,
                                    ARMANDO SANCHEZ, JR.

This e-copy is the official court record (GC68150)

6/9/2022

This e-copy is the official court record (GC68150)

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 1, 2022                    JAVAHERI & YAHOUDAI

By: _____
                                        YOSI YAHOUDAI, ESQ.
                                        Attorneys for Plaintiff,
                                        ARMANDO SANCHEZ, JR.

---

6
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT 2



June 8, 2022

**SENT VIA U.S. CERTIFIED MAIL: [7019 1120 0002 3073 5885]**

Walmart Claims Services
Attention: Veronica Ramirez
800-527-0566 ext. 58048
P.O. Box 14731
Lexington, KY 40512

**RE:** **Our Client(s)** : **Armando Sanchez**
 **Your Insured** : **Walmart**
 **Date of Loss** : **04/14/2020**
 **Your Claim Number: 9142818**

Dear Ms. Ramirez:

This letter shall serve as representation of the damages sustained by our client, and a demand for equitable settlement therefrom, in connection with, and arising from, the matter referenced above.

**FACTS REGARDING LIABILITY**

Under Civil Code Section 1714(a), "Everyone is responsible not only for the result of his willful acts, but also for an injury occasioned to another by want of ordinary care of skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought injury upon himself."

On April 14, 2020, our client Armando Sanchez (hereinafter "Mr. Sanchez"), was involved in a slip and fall accident at your insured's Walmart, located on Pacheco Blvd. in Los Banos, California (hereinafter "Your Insured"). Mr. Sanchez was walking through Your Insured's facility, and slipped on a liquid substance on the floor, which had been left unattended. Your Insured negligently and recklessly owned, operated, maintained, supervised, inspected, cleaned and managed said premises so as to cause our client's substantial injuries. More specifically, Your Insured failed to provide safe flooring in its facility by leaving a slippery liquid substance on the floor and failing to place the appropriate warning signs a sufficient time prior to the incident and

notifying its customers of the dangerous condition now present in that section of the facility, which Your Insured knew, or in the reasonable exercise of ordinary care should have known existed. Our client was unaware of the grapes on the floor because there had been no barrier or warning to caution customers. Accordingly, Your Insured's failure and/or refusal to have warned or cautioned our client or to have corrected and remedied such condition proximately caused those injuries and damages to our client hereinafter described. The facility was not busy at the time of the fall, and the incident was subsequently reported to the facility, who made an incident report. For a detailed description of said damages, please review the attached medical reports.

## LIABILITY

In *Alcaraz v. Vece* (1997) 14 Cal.4th 1149, the tenant therein sued his landlords for personal injuries he sustained after stepping into a defective water meter box, which was located on city owned property near the sidewalk of the landlord's property. The California Supreme Court held that even though the landlord did not own the land on which the meter box was located, the landlord was nevertheless liable because the landlord exercised control over the property surrounding the meter box and thus had a duty to protect the tenant from, or warn him of, the hazardous condition of the meter box.

The *Alcaraz* Court went on to say that a possessor of land has a duty to maintain land in their possession and control in a reasonably safe condition even where the dangerous condition on the land is caused by an instrumentality that the landowner does not own or control. The court also went on to say that one who invites another to do business with him owes to the invitee the duty to exercise reasonable care to prevent his being injured on 'the premises.' The physical area encompassed by the term 'the premises' does not, however, coincide with the area to which the invitor possesses a title or a lease. The 'premises' may be less or greater than the invitor's property. The premises may include such means of ingress and egress as a customer may reasonably be expected to use. *Id.* at 1156, 1245.

This duty by a landlord was extended even further in *Swann v. Oliver* (1994) 22 Cal.App.4th 1324, where the California Court of Appeal stated that in several instances, businesses have been held liable for injuries that occurred on adjacent property when the business has "received a special commercial benefit from the area of the injury plus had direct or de facto control of that area." *Id.* at. 1165.

In addition to the holdings of *Alkaraz* and *Swann,* the facts here are similar to those presented in *Johnston v. De La Guerra Properties, Inc.* (1946) 28 Cal.2d 394. In *Johnston,* the defendant, the owner of a commercial building, leased its premises to a restaurant. The plaintiff, a prospective patron of the restaurant, sued the owner of the building and the tenant who rented the building for personal injuries she suffered after falling on the walkway leading to the entrance of the restaurant. The *Johnston* Court held that "one who leases a part of the premises, retaining control of other portions such as common walks or passages which the tenant is entitled to use, is subject to liability to persons lawfully on the land with the consent of the tenant for damages caused by a dangerous condition existing on the part under the owner's control, if by reasonable care he

Veronica Ramirez
**Re:** <u>Walmart Claim No: 9142818</u>
June 8, 2022
Page 3 of 9

---

<u>could have discovered the condition and made it safe</u>. Accordingly, invitees of the tenant are regarded as being invitees of the owner while on passageways which invitees of the tenant have a right to use and which are under the owner's control." *Id.* at 399.

California courts have ruled that owners of premises open to public are under an even greater duty to others by virtue of that possession or ownership to act reasonably to keep the premises safe and prevent persons from being injured. "The fact that the attention of persons who visit public places of business is attracted by the display of the wares offered for sale and are more or less absorbed by the transactions which they have in mind, would seem to increase the necessity of exercising care to floor spaces, and aisles allotted to the use of the customers should be made safe and kept fit for that purpose." <u>Louie v. Hagstrom's Food Stores</u>, (1947) 81 Cal.App.2d 601, 608. In fact, a customer could not be expected to look at the goods on the counters and at the same time keep his eyes on the floor when it is the intention of the store that its customers view the goods displayed without having to observe the ground. <u>Louie</u>, 81 Cal.App.2d at 610.

In <u>Hatfield v. Levy Brothers</u> (1941) 18 Cal.2d 798, 806, the Supreme Court defined the standard of care for property owners:

"Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or his employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that he had no notice or knowledge of the defective or dangerous condition in an action by an invitee for injuries suffered by reason of the dangerous condition. Under such circumstances, knowledge thereof is imputed to him." <u>Saunders v. A.M. Williams & Co.</u>, 155 Or. 1, 62 P.2d 260." *See also* <u>Henderson v. Progressive Optical System</u> (1943) 57 Cal.App.2d 180, 183-184, wherein it was held that under similar circumstances, such notice is imputed. *See also* <u>Gilbert v. Pessin Grocery Co</u>. (2d Dist. 1955) 132 Cal.App.2d 212, which holds that such knowledge is conclusively presumed from the time of its creation.

<u>Judicial Council of California Civil Jury Instructions</u>, CACI 1001 Basic Duty of Care, states:

"A person who [owns/leases/occupies/controls] property is negligent if he or she fails to use reasonable care to keep the property in a reasonably safe condition. A person who [owns / leases / occupies / controls] property must use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others.

In deciding whether the Walmart used reasonable care, you may consider, among other factors, the following:

(a) The location of the property;
(b) The likelihood that someone would come on to the property in the same manner as Armando Sanchez did;

Veronica Ramirez
**Re:** <u>Walmart Claim No: 9142818</u>
June 8, 2022
Page 4 of 9

(c) The likelihood of harm;
(d) The probable seriousness of such harm;
(e) Whether Walmart knew or should have known of the condition that created the risk of harm;
(f) The difficulty of protecting against the risk of such harm; [and]
(g) The extent of Walmart's control over the condition that created the risk of harm; [and]
(h) [Other relevant factor(s)]"

As to the legal responsibilities of property owners to provide notice of dangerous conditions, <u>Judicial Council of California Civil Jury Instructions</u> CACI 1011 Constructive Notice Regarding Dangerous Conditions on Property, states:

"In determining whether Walmart should have known of the condition that created the risk of harm, you must decide whether, under all the circumstances, the condition was of such a nature and existed long enough that Walmart had sufficient time to discover it and, using reasonable care:

1. Repair the condition; or
2. Protect against harm from the condition; or
3. Adequately warn of the condition.

Walmart must make reasonable inspections of the property to discover unsafe conditions. If an inspection was not made within a reasonable time before the accident, this may show that the condition existed long enough so that a store owner using reasonable care would have discovered it." *(Emphasis added.)*

An unsafe condition existed on Your Insured's property, of which Your Insured knew or should have known, had Your Insured used reasonable care. <u>Judicial Council of California Civil Jury Instructions</u>, CACI 1003 Unsafe Conditions, states:

"Walmart was negligent in the use or maintenance of the property if:

1. A condition on the property created an unreasonable risk of harm;
2. Walmart knew or, through the exercise of reasonable care, should have known about it; and
3. Walmart failed to repair the condition, protect against harm from the condition, or give adequate warning of the condition."

Moreover, lack of notice is not a defense to liability in California. California courts have ruled that "although liability might easily be found where the landowner has actual knowledge of the dangerous condition, '[the] landowner's lack of knowledge of the dangerous condition is not a defense. He has an affirmative duty to exercise ordinary care to keep the premises in a reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, he would have discovered the dangerous

Veronica Ramirez
**Re:** Walmart Claim No: 9142818
June 8, 2022
Page 5 of 9

---

condition, he is liable.' " (Swanberg v. O'Mectin (1984) 157 Cal.App.3d 325, 330 [203 Cal.Rptr. 701], internal citation omitted.)"

Furthermore, and more importantly, California recently joined other states in relieving the plaintiff's burden of proving actual or constructive notice. In Ortega v. K-Mart Corporation, (2000) 83 Cal.App.4th 175, the court held that "the plaintiff can be relieved of his burden of showing how long a substance was on the floor if he can demonstrate that the site has not been inspected within a reasonable time."

Lastly, California courts have held that each accident must be viewed in light of its own unique circumstances.  (Louie, supra, 81 Cal.App.2d at p. 608, 184 P.2d 708.)  Accordingly, the owner must inspect the premises or take other proper action to ascertain its condition, and if, by the exercise of reasonable care, the owner would have discovered the condition, he is liable for failing to correct it.  (Id. at p. 606, 184 P.2d 708.)"  Id., at pps. 1207-1208.

Since your insured knew, or in the reasonable exercise of ordinary care, should have known that a dangerous condition was created by the foreign substance, and it was placed in a common area over which Your Insured exercised control, Your Insured is the sole and proximate cause of the significant injuries suffered by our client.

## FACTUAL APPLICATION

Applying the above rules to the present case, it is clear that being that Your Insured is a place of business open to the public, and thus, Your Insured had a greater ***legal duty*** to ensure the safety of its patrons and not expose them to unreasonable risks of harm. As the facility owner, Your Insured was in the best position to have discovered any dangerous conditions throughout the premises.

Your insured ***breached these duties*** by acting unreasonably, carelessly, recklessly, and negligently under the circumstances by not keeping its facility clear of dangerous conditions.

Leaving a slippery liquid substance on the floor for an extended period of time was the ***proximate cause and the cause-in-fact*** of our client's injuries since there were no intervening causes, and said harm was a foreseeable result of Your Insured's breach.

Our client was obeying all laws at the time of the incident and acting reasonably under the circumstances, thus ***alleviating any comparative negligence*** issues. Based on the foregoing, it is abundantly clear that liability ***solely*** rests with Your Insured.

Our client did not expect nor had any reason to expect a liquid substance on the floor, and poorly maintained. Had Your Insured properly inspected the premises, it would have discovered the liquid substance on the floor and prevented our client from having to endure this traumatizing accident.

Veronica Ramirez
**Re:** Walmart Claim No: 9142818
June 8, 2022
Page 6 of 9

___

     Liability is clear. Your insured's negligence is the sole and proximate cause of the injuries our client sustained. For a detailed description of his injuries, please review the attached reports.

## INJURIES AND MEDICAL TREATMENT

     As a result of the accident, our client sustained serious injuries to, including but not limited to, injuries to the **neck, back, left foot, and bilateral hips.**

     To facilitate your review of this settlement demand, **the following documents have been enclosed on the enclosed compact disc**, evidencing amounts as set forth below in medical expenses incurred by our client as a direct consequence of Your Insured's negligence, as follows:

| | | |
|---|---|---|
| Exhibit 1: | Apex Medical | $250.00 |
| Exhibit 2: | Merced MRI | Medi-Cal |
| Exhibit 3: | Dr. Vanek | Medi-Cal |
| Exhibit 4: | Sports and Rehab | Medi-Cal |
| Exhibit 5: | Mercy Medical Pavillion | Medi-Cal |
| Exhibit 6: | Radadvantage | Medi-Cal |
| Exhibit 7: | Yosemite Pathology | Medi-Cal |
| Exhibit 8: | Bear Creek Anesthesia | Medi-Cal |
| Exhibit 9: | Medi-Cal Lien | $5,789.99 |
| Exhibit 10: | Conformed Copy of Summons and Complaint | |

**TOTAL PRESENT MEDICAL EXPENSES**     **$6,039.99**

On 04/27/220, Mr. Sanchez went to Apex Medical to be treated and evaluated for injuries he sustained on 04/14/2020 when he was shopping at Walmart and stepped in a liquid substance, causing him to slip and fall. His chief complaints were pain to his neck, back, left knee, bilateral hips, and left foot. X-rays of his left foot, left hip, left knee, and chest were ordered. The following objective findings for his left foot were reported:

1. A small plantar calcaneal spur

Mr. Sanchez was given a referral for physical therapy and pain medication and instructed to seek further medical treatment if the pain and discomfort persist.

On 05/26/2020, Mr. Sanchez went to Sport and Rehab to be treated and evaluated. From 05/26/2020 thru 08/11/2020, Mr. Sanchez received various modalities of physical therapy. The following diagnosis was reported:

1. Plantar fascial fibromatosis (M72.2)
2. Pain in unspecified hip (25.559)

Veronica Ramirez
**Re:** <u>Walmart Claim No: 9142818</u>
June 8, 2022
Page 7 of 9

On 08/11/2020, Mr. Sanchez was discharged from treatment but his prognosis remains guarded. Due to the likelihood of future flare-ups or reaggravation, future treatment should be afforded to Mr. Sanchez.

On 06/18/2020, Mr. Sanchez went to Dr. Vanek to be treated and evaluated. His chief complaints were severe bilateral hip pain since the slip and fall on 04/14/2020. The bilateral hip pain has become progressively worse with weightbearing. The pain was described as radiating, stabbing, popping, swelling, and pressure rated 7-9/10. The following diagnosis was reported:

1. Trochanteric bursitis, right hip (M70.61)
2. Trochanteric bursitis, left hip (M70.62)

Mr. Sanchez was given prescription medication for the pain and inflammation and instructed to follow up if the pain and discomfort persists.

On 07/23/2020, Mr. Sanchez went to El Portal Imaging to be evaluated and the following objective findings for the left hip were reported:

1. Grade II chondromalacia in both hips with mild to moderate hip effusions
2. Osteoarthritis, left hip (M16.12)
3. **Labral tear**

On 08/20/2020, Mr. Sanchez went to Mercy Medical Pavillion to be treated and evaluated for the increasing levels of pain to his left hip since the traumatic slip and fall on 04/14/2020. Based on the levels of pain and discomfort as well as the objective findings of the MRI, **hip arthroscopy** was scheduled. The following diagnosis was reported by Dr. Vanek:

1. Hip Osteoarthritis, left (M16.12, M25.652, M25.552, S76.012A)

On 08/26/2020, the following preoperative diagnosis was reported by Dr. Vanek:

1. **Left hip labral tear, hip chondromalacia**

The following procedure was performed by Dr. Vanek:

1. **Left hip arthroscopically assisted labral repair, arthroscopically assisted chondroplasty for chondromalacia grade III and IV**

Dr. Vanek stated during surgery "**Upon entering the joint, it was noted that the patient has an inferior labral tear, which caused severe chondromalacia grade III and IV. Exquisitely, the patient had a large articulating labral tear**".

Mr. Sanchez tolerated the procedure well.

Veronica Ramirez
**Re:** <u>Walmart Claim No: 9142818</u>
June 8, 2022
Page 8 of 9

---

On 02/26/2021, Mr. Sanchez returned to Mercy Medical Center due to the increasing levels of pain and discomfort in his right hip. Based on the objective findings in the MRI, the level of pain and discomfort in Mr. Sanchez's right hip, and the benefit Mr. Sanchez received from left hip arthroscopy on 08/26/2020, the following recommendation was reported by Dr. Vanek:

1. **Right hip arthroscopy**

Mr. Sanchez opted not to proceed with surgical intervention.

## FUTURE SPECIAL DAMAGES

The causation of Mr. Sanchez's injuries is primarily due to your insured's negligence. The types of injuries he suffered are subject to episodes of remission and exacerbations caused by various aggravations from activities of daily living. The results of comparative tests and examinations reveal that Mr. Sanchez's injuries will predispose him to further problems from aggravation or future trauma which would not have otherwise troubled him prior to the accident. Currently, Mr. Sanchez still has significant residual pain to his neck, back, and bilateral hips that troubles him every single day. He will need continued rehabilitation treatment to his neck, back, and bilateral hips for the foreseeable future.

In addition, Dr. Vanek recommended right hip arthroscopy with an estimated cost of **$30,000.00**

**TOTAL FUTURE SPECIAL DAMAGES**                     **$30,000.00**

## GENERAL DAMAGES

Mr. Sanchez continues to exhibit residual symptoms which include, but are not limited to his lower back and bilateral hips. Mr. Sanchez's examining physicians have not ruled out the possibility of permanent and irreparable pain.

To this day, Mr. Sanchez is unable to perform activities which sometimes include the simplest of tasks. This includes, but is not limited to, activities related to the home or family including chores and duties performed around the house, recreational activities such as hobbies and sports and occupational activities. **Suffering a labral tear to his left hip which required left hip arthroscopy and a recommendation for right hip arthroscopy are extremely painful and debilitating injuries that have had a devastating effect on Mr. Samchez's ability to perform his daily activities and chores. This accident has caused substantial pain and suffering making it difficult to walk comfortably which has had a devastating impact on the quality of Mr. Sanchez's life.**

Your insured is liable for negligence. As a result, Mr. Sanchez will be able to recover as part of her settlement, past and future general damages. Moreover, we believe, based on past jury

Veronica Ramirez
**Re:** Walmart Claim No: 9142818
June 8, 2022
Page 9 of 9

---

verdicts in Merced County Superior Court, where a trial of this case will be held, Mr. Sanchez will undoubtedly recover at least **$750,000.00** for his past and future general damages.

### SUMMARY OF DAMAGES

| | |
|---|---|
| **TOTAL SPECIAL DAMAGES** | **$6,039.99** |
| **TOTAL FUTURE SPECIAL DAMAGES** | **$30,000.00** |
| **TOTAL GENERAL DAMAGES** | **$750,000.00** |
| **TOTAL ECONOMIC AND GENERAL DAMAGES** | **$786,039.99** |

### SETTLEMENT DEMAND

Our client has authorized us to make a demand to settle all claims against your insured for the amount of **$786,039.99**. This demand will remain open for a period of fourteen (14) days from the date of this letter.

While this correspondence is subject to California Evidence Code Section 1152, nothing contained herein shall be deemed in any manner to be an admission by, or full explication of any facts or a waiver of our client's rights or remedies which may be or become available as a result of actions or omissions with respect to the subject matter stated herein or otherwise, all of which rights and remedies, at law, equity and/or otherwise, are specifically hereby reserved. Thank you for your courtesy and cooperation in this regard.

Sincerely yours,

JAVAHERI & YAHOUDAI
A Professional Law Corporation

Jason Javaheri, Esq.
JJ/pd
Encl(s): As stated

EXHIBIT 3

CM-010

Yosi Yahoudai, Esq., SBN: 236070 / K. Bret Beattie, Esq., SBN: 150068
Vartkes Artinian, Esq., SBN: 304009
JAVAHERI & YAHOUDAI
1880 Century Park East, Suite 717, Los Angeles, CA 90067
TELEPHONE NO: (310)407-0766          FAX NO: (310)407-0767
ATTORNEY FOR (Name): Plaintiff, Armando Sanchez, Jr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Merced Superior Court

CASE NAME:
Armando Sanchez, Jr., v. Walmart, Inc.

ELECTRONICALLY FILED
Merced Superior Court
3/18/2022 10:30 AM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV-00825 |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000)   Limited (Amount demanded is $25,000 or less) | Counter   Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- ✓ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Two. (1) Premises Liability; and (2) General Negligence.
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 1, 2022

Yosi Yahoudai, Esq.
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

This e-copy is the official court record (GC68150)

6/9/2022

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

This e-copy is the official court record (GC68150)

6/9/2022

**PROOF OF SERVICE**
*Armando Sanchez, Jr. v. Walmart Inc.*
*Merced County Superior Court Case No. 22CV-00825*

I am over the age of eighteen years old and not a party to the within action.  I am employed by O'Hagan Meyer, whose business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, CA 90254.

On **July ___, 2022** I served the below referenced document(s) on the parties reflected on the included service list:

DEFENDANT WALMART INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL

☒    [**BY ELECTRONIC SERVICE**] – Pursuant to CCP § 1010.6 I caused such document(s) to be electronically transmitted to the email addresses of the parties listed on the Service List pursuant to agreement with counsel for the parties to receive service by e-mail.

☐    [**BY MAIL SERVICE**] **–** Pursuant to CCP § 1013 I caused the document(s) described above to be deposited for processing in the mailroom in our office.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Hermosa Beach, California, in the ordinary course of business.

☐    [**BY OVERNIGHT SERVICE**] – Pursuant to CCP § 1013 I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    [**BY PERSONAL SERVICE**] – Pursuant to CCP § 1011 - I caused such document(s) to be hand delivered to the addressee(s) so indicated.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on **July ___, 2022** at Hermosa Beach, California.

_____
Debbie Ristovski

NOTICE OF FILING OF NOTICE OF REMOVAL

**PROOF OF SERVICE**
*Armando Sanchez, Jr. v. Walmart Inc.*
*Merced County Superior Court Case No. 22CV-00825*

| | |
|---|---|
| Jason B. Javaheri, Esq.<br>Yosi Yahoudai, Esq.<br>R. Bret Beattie, Esq.<br>JAVAHERI & YAHOUDAI<br>1880 Century Park East, Suite 717<br>Los Angeles, CA 90067<br>Tel:     (310) 407-0766<br>Fax:     (310) 407-0767<br>Email: jason@jnylaw.com<br>          yosi@jnylaw.com<br>          bret@jnylaw.com | Attorneys for Plaintiff Armando Sanchez, Jr. |

**NOTICE OF FILING OF NOTICE OF REMOVAL**