UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SANCHEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant. | Case No. 1:22-cv-00835-ADA-EPG<br><br>ORDER APPROVING STIPULATED PROTECTIVE ORDER, IN PART<br><br>(ECF No. 16) |

This matter is before the Court on the parties' proposed stipulated protective order.[1] (ECF No. 16). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information" to mean "information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom *that is deemed to be confidential information by any party* to which it belongs." (*Id.* at 2) (emphasis added). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue as required by Local Rule 141(c)(1).

However, the parties also state that the case "may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information." (ECF No. 16, p. 1).

---

[1] The Court did not locate a Word version of the proposed protective order in its email box. Should the parties submit any future proposed orders, they are directed to comply with Local Rule 137(b).

1

Thereafter, the parties indicate some categories of materials where such information may appear, such as "price lists." (*Id.* at 2). Accordingly, the Court will limit the parties' definition of confidential information to that information which contains "trade secret or other confidential research, technical, cost, price, marketing or other commercial information" and that may appear in the following materials:

> documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

(*Id.*).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 16, p. 6; ECF No. 12, pp. 3-4).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 16) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:  **May 16, 2023**                           /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

2